Defendant-appellant Errich Von Mincy was tried by a jury and found guilty of one count of aggravated robbery under R.C. 2911.01(A)(1), with a gun specification, and one count of robbery under R.C. 2911.02(A)(2). Von Mincy now appeals his convictions, asserting three assignments of error. The first assignment challenges the court's admission of a "mugshot" photograph of Von Mincy into evidence. Von Mincy claims that he was prejudiced because the photograph indicated prior criminal involvement. The second and third assignments challenge the weight and the sufficiency of the evidence, respectively.
Regarding the first assignment, the mugshot at issue was part of a photographic lineup of six pictures that had been used by the police during the investigation of the robbery. Each picture in the lineup contained the head of a different individual, with lines from a height chart in the background. The pictures, though, did not contain any police-identification numerals. Some courts have held that lines from a height chart alone do not necessarily provide a reasonable inference that a defendant has prior criminal involvement.[1] But these photographs certainly appeared to be mugshots — suggesting prior criminal involvement — and we believe that they should have been excluded.
But, even though the court erred in admitting the photographs, we conclude that the error was harmless, as there was otherwise substantial evidence to support the guilty verdicts. At trial, the state presented, among other things, the testimony of the victim of the robbery and the testimony of another witness of the robbery, both of whom confidently identified Von Mincy as the robber. The victim explained that Von Mincy had stuck a gun to his face, had pistol-whipped him, and then had taken money from the store at which he worked. The victim further testified that, during the robbery, Von Mincy dropped his driver's license, which was later recovered by the police. With these facts, any inference that the jury might have gained from seeing Von Mincy's mugshot was harmless in light of the overwhelming evidence against him. (Von Mincy rested without presenting any witnesses on his behalf.) Thus, we reject Von Mincy's second and third assignments. While we agree with Von Mincy's argument in his first assignment, we hold that he was not prejudiced by the court's error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
____________________________ Presiding Judge
[1] See, e.g., State v. Carney (1990), 67 Ohio App.3d 736, 739,588 N.E.2d 872, 874.